IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **VSTREAM TECHNOLOGIES, LLC,** § | Case No.: |
| § | |
| **Plaintiff,** § | **COMPLAINT** |
| **v.** § | |
| § | |
| **LG ELECTRONICS, INC.; LG** § | **JURY TRIAL DEMANDED** |
| **ELECTRONICS U.S.A., INC.; LG** § | |
| **ELECTRONICS MOBILECOMM** § | |
| **U.S.A., INC.** § | |
| § | |
| **NOKIA CORPORATION; NOKIA,** § | |
| **INC.** § | |
| § | |
| **SONY CORPORATION; SONY** § | |
| **CORPORATION OF AMERICA;** § | |
| **SONY ELECTRONICS, INC.; SONY** § | |
| **PICTURES ENTERTAINMENT, INC.** § | |
| § | |
| **SAMSUNG ELECTRONICS CO.,** § | |
| **LTD.; SAMSUNG ELECTRONICS** § | |
| **AMERICA, INC.;** § | |
| § | |
| **PANTECH CO. LTD; PANTECH** § | |
| **WIRELESS, INC.; AND** § | |
| § | |
| **ZTE CORPORATION; ZTE (USA),** § | |
| **INC.** § | |
| § | |
| **Defendants.** § | |
| § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff VStream Technologies, LLC ("Plaintiff" or "VStream"), by and through

its counsel, files this Original Complaint against Defendants LG Electronics, Inc., LG

1

PLAINTIFF'S ORIGINAL COMPLAINT

Electronics U.S.A., Inc., and LG MobileComm U.S.A., Inc.; Nokia Corporation and Nokia, Inc.; Sony Corporation, Sony Corporation of America, Sony Electronics, Inc., and Sony Pictures Entertainment, Inc.; Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.; Pantech Co., Ltd. and Pantech Wireless, Inc.; and ZTE Corporation and ZTE (USA), Inc. (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

1. This lawsuit pertains to the Defendants' infringement of each of the following U.S. Patents: (1) U.S. Patent No. 6,690,731 titled "Method and Apparatus for Diagonal Processing of Video Data" (the "'731 Patent"); (2) U.S. Patent No. 8,179,971 titled "Method and Apparatus for Video Data Compression" (the "'971 Patent"); (3) U.S. Patent No. 6,850,647 titled "System, Method, and Article of Manufacture for Decompressing Digital Camera Sensor Data" (the "'647 Patent); (4) U.S. Patent No. 7,627,183 titled "System, Method, and Article of Manufacture for Decompressing Digital Camera Sensor Data" (the "'183 Patent"); and (5) U.S. Patent No. 7,489,824 titled "System, Method, and Article of Manufacture for Decompressing Digital Camera Sensor Data" (the "'824 Patent").  Copies of the '731, '971, '647, '183, and '824 Patents are attached to this Complaint as Exhibits A through E, respectively.  The Complaint will refer to the patents asserted in this lawsuit collectively as the "Patents."

## PARTIES

2. Plaintiff VStream Technologies LLC is a Limited Liability Company organized under the laws of Texas.  VStream is the assignee of all rights, title, and interest in and to the Patents and possesses all rights of recovery under the Patents.

3. On information and belief, Defendant LG Electronics, Inc. ("LG Electronics") is incorporated under the laws of the Republic of Korea, having its principal place of business at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-

2

**PLAINTIFF'S ORIGINAL COMPLAINT**

gu, Seoul, Republic of Korea. On information and belief, Defendant LG Electronics U.S.A., Inc. ("LG USA") is incorporated under the laws of the state of Delaware, having its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, NJ 07632. On information and belief, Defendant LG Electronics MobileComm U.S.A., Inc. ("LG MobileComm") is incorporated under the laws of the state of California, having its principal place of business at 10101 Old Grove Rd, San Diego, CA 92131. This Complaint will refer to these Defendants collectively as "LG." On information and belief, LG Electronics is doing business in this judicial district, in Texas and elsewhere throughout the United States. LG Electronics' products accused of infringement in this Complaint are and have been offered for sale and sold in this and other judicial districts for a period not yet known but continuing to this date. On information and belief, LG Electronics manufactures the products alleged to infringe in this Complaint and controls the decisions of LG U.S.A. and LG MobileComm to infringe or license the Patents herein as agents of the principal parent corporation, LG Electronics. On information and belief, LG U.S.A., Inc. is registered to do business as a foreign corporation in Texas and is doing business in this judicial district, in Texas and elsewhere throughout the United States. LG U.S.A.'s products accused of infringement in this Complaint are and have been offered for sale and sold in this and other judicial districts for a period not yet known but continuing to this date. On information and belief, LG MobileComm is registered to do business as a foreign corporation in Texas and is doing business in this judicial district, in Texas and elsewhere throughout the United States. LG MobileComm's products accused of infringement in this Complaint are and have been offered for sale and sold in this and other judicial districts for a period not yet known but continuing to this date. LG   U.S.A.'s foreign corporation registration lists United States Corporation Co., 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 as its registered agent for service of process. LG MobileComm's foreign corporation

3

**PLAINTIFF'S ORIGINAL COMPLAINT**

registration lists National Registered Agents, Inc., 1999 Bryan St., Suite 900, Dallas, TX. 75201-3136 as its registered agent for service of process.

4. On information and belief, Nokia Corporation is a corporation organized under the laws of Finland with its principal place of business at Keilalahdentie 2-4, FIN-00045 Nokia Group, Espoo, Finland.  On information and belief, Nokia Inc. is a corporation organized under the laws of Delaware with its principal place of business at 6021 Connection Dr., Irving, TX. 75038-2607.  On information and belief, Nokia Inc. is a wholly owned subsidiary of Nokia Corporation.   On information and belief, Nokia Corporation manufactures the products alleged to infringe in this Complaint and controls the decisions of Nokia, Inc. to infringe or license the Patents herein as agents of the principal parent corporation, Nokia Corporation.  This Complaint will refer to these Defendants collectively as "Nokia."  On information and belief, Nokia Corporation is doing business in this judicial district, in Texas and elsewhere throughout the United States.  Nokia Corporation's products accused of infringement in this Complaint are and have been offered for sale and sold in this and other judicial districts for a period not yet known but continuing to this date.  On information and belief, Nokia Inc. is registered to do business as a foreign corporation in Texas and is doing business in this judicial district, in Texas and elsewhere throughout the United States.  Nokia Inc.'s products accused of infringement in this Complaint are and have been offered for sale and sold in this and other judicial districts for a period not yet known but continuing to this date.  Nokia, Inc.'s foreign corporation registration lists National Registered Agents, Inc., 1999 Bryan St., Suite 900, Dallas, TX. 75201-3136 as its registered agent for service of process.

5. On information and belief, Defendant Sony Corporation ("Sony Corp.") is a Japanese corporation with its principal place of business at 7-1, Konan 1-Chome Mintao-ku, Tokyo 108-0075, Japan.  On information and belief, Defendant

4

**PLAINTIFF'S ORIGINAL COMPLAINT**

Case 6:14-cv-00296  Document 1  Filed 04/23/14  Page 5 of 22 PageID #: 5

Sony Corporation of America ("Sony America") is a New York Corporation with its principal place of business at 550 Madison Ave., 6th Floor, New York, NY 10022-3211.  On information and belief, Defendant Sony Electronics, Inc. ("Sony Electronics") is a Delaware corporation with its principal place of business at 16530 Via Esprillo, San Diego, CA. 92127.  On information and belief, Defendant Sony Pictures Entertainment, Inc. ("Sony Pictures") is a Delaware corporation with its principal place of business at 10202 W. Washington Blvd., Culver City, CA. 90232. On information and belief, Sony Corp. manufactures the products alleged to infringe in this Complaint and controls the decisions of Sony America, Sony Electronics, and Sony Pictures to infringe or license the Patents herein as agents of the principal parent corporation, Sony Corp.  This Complaint will refer to these Sony Defendants collectively as "Sony."  Sony Electronics is registered to do business as a foreign corporation in Texas and is doing business in this judicial district, in Texas and elsewhere throughout the United States.  Sony Electronics' foreign corporation registration lists Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218, as its registered agent for service of process.

6. On information and belief, Samsung Electronics Co., Ltd. ("Samsung Electronics") is formed and existing under the laws of the Republic of Korea with its principal place of business 416 Maetan-3dong, Yeongtong-gu, Suwon-City, Gyeonggi-do, Korea 443-742.  Defendant Samsung Electronics America, Inc. ("Samsung America") is a New York corporation with its principal place of business at 105 Challenger Rd., Ridgefield Park, NJ 07660.  On information and belief, Samsung America is a wholly owned subsidiary of Samsung Electronics.  On information and belief, Samsung Electronics manufactures the products alleged to infringe in this Complaint and controls the decisions of Samsung America to infringe or license the Patents herein as agents of the principal parent corporation, Samsung

5

**PLAINTIFF'S ORIGINAL COMPLAINT**

Electronics.   This Complaint will refer to these Defendants collectively as "Samsung."   On information and belief,   Samsung's products accused of infringement in this Complaint are and have been offered for sale and sold in this and other judicial districts for a period not yet known but continuing to this date. Samsung America is registered to do business as a foreign corporation in Texas and is doing business in this judicial district, in Texas and elsewhere throughout the United States.   Samsung America's foreign corporation registration lists CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX. 75201-3136 as its registered agent for service of process.

7.      On information and belief, Pantech Co., Ltd. ("Pantech Co.") is formed and existing under the laws of the Republic of Korea with its principal place of business at Pantech R&D Center, I-2, DMC Sangamdong Mapo-go, Seoul, South Korea.  On information and belief Pantech Wireless, Inc. ("Pantech Wireless") is a Georgia corporation with its principal place of business in Atlanta, Georgia.  On information and belief, Pantech Wireless is a wholly owned subsidiary of Pantech Co.  On information and belief, Pantech Co. manufactures the products alleged to infringe in this Complaint and controls the decisions of Pantech Wireless to infringe or license the Patents herein as agents of the principal parent corporation, Pantech Co.  This Complaint will refer to these Defendants collectively as "Pantech." Pantech's products accused of infringement in this Complaint are and have been offered for sale and sold in this and other judicial districts for a period not yet known but continuing to this date.  Pantech is doing business in this judicial district, in Texas and elsewhere throughout the United States.  Pantech Wireless may be served with process through its agent, Kathleen Elizabeth Jones, 5607 Glenridge Drive, Suite 500, Atlanta, Georgia 30342.  Pantech Co. may be served with process at its principal place of business at Pantech R&D Center, I-2, DMC Sangamdong Mapo-go, Seoul, South Korea.

6

**PLAINTIFF'S ORIGINAL COMPLAINT**

8.  On information and belief, Defendant ZTE Corporation ("ZTE Corp.") is formed and existing under the laws of the People's Republic of China with its principal place of business in ZTE Plaza, Keji Road South, Hi-Tech Industrial Park, Nanshan District, Shenzhen, Guangdong Province, People's Republic of China 518057.  On information and belief, Defendant ZTE (USA), Inc. ("ZTE USA") is a corporation organized under the laws of the State of New Jersey with its principal place of business at 33 Wood Avenue South, 7th Floor, Iselin, NJ 08830.  On information and belief, ZTE Corp. manufactures the products alleged to infringe in this Complaint and controls the decisions of ZTE USA to infringe or license the Patents herein as agents of the principal parent corporation, ZTE Corp.  This Complaint will refer to these Defendants collectively as "ZTE."  ZTE's products accused of infringement in this Complaint are and have been offered for sale and sold in this and other judicial districts for a period not yet known but continuing to this date.  ZTE is doing business in this judicial district, in Texas and elsewhere throughout the United States.  ZTE USA's foreign corporation registration lists Jing Li, 2425 North Central Expressway, Suite 600, Richardson, Texas 75080 as its registered agent for service of process.

## JURISDICTION AND VENUE

9.  This action arises under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, including 35 U.S.C. § 271.  This Court has original and exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

10. The Court has personal jurisdiction over each Defendant.  On information and belief, each Defendant has conducted and does conduct business within the State of Texas.  On information and belief, each Defendant, directly and/or through intermediaries (including distributors, retailers, and others), offers

7

**PLAINTIFF'S ORIGINAL COMPLAINT**

for sale, sells, advertises, and/or uses its products and services (including the products accused of infringement in this lawsuit) in the United States, the State of Texas, and the Eastern District of Texas.  On information and belief, each Defendant, directly and/or through intermediaries, has committed patent infringement within the State of Texas, and, more particularly, within the Eastern District of Texas.  On information and belief, each Defendant, has purposefully and voluntarily placed one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas.    On information and belief, each Defendant is subject to general jurisdiction in this Court.

11. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391 and 1400(b).

12. Joinder of these Defendants in one action is proper under 35 U.S.C. §299 because VStream is informed and believes that a substantial number of the products of each Defendant use Qualcomm Snapdragon processors for image processing.

## FACTUAL BACKGROUND

13. The Patents are generally directed to methods, systems, apparatus, and articles of manufacture for encoding and decoding signals representative of image and/or video signals (*i.e.*, "video compression" or "video decompression").

14. Video compression and decompression techniques are used in many industries that involve either the transmission of images from one location to another and/or the manufacture or sale of devices to receive or store image and/or video signals.  These industries include, for example: content providers; cable and satellite companies; teleconferencing providers; television, electronics and cellular telephone manufacturers; television broadcasters and digital media providers.

8

**PLAINTIFF'S ORIGINAL COMPLAINT**

15. Video and/or image signals are encoded (compressed) prior to being stored on a medium or transmitted over a medium. The image or video signals are decoded (decompressed) when read from the storage medium or received at the other end of a transmission. The decoding will either recreate the original image and/or video signal in its entirety ("lossless" compression techniques) or will produce a close approximation of the original signal ("lossy" compression techniques). Compression and decompression techniques reduce the amount of data required to store, transmit, and reproduce image and/or video signals.

16. Michael Gough is the primary inventor of each of the Patents. He is self-made man and prolific inventor. In 1978, at age seventeen, he began working on technology in the defense industry. He taught himself computer science and software technology. He became so adept that in 1987, he caught the attention of a young company in California—Apple. Gough began work at Apple in January 1988. Over his time at Apple, he was an inventor of fourteen patents assigned to Apple. Gough worked at Apple until December 1996.

17. On February 10, 2004, the U.S. Patent and Trademark Office ("USPTO") issued the '731 Patent to Michael L. Gough and James J. Gough. VStream is now the sole owner of the '731 Patent and possesses all rights of recovery under the '731 Patent.

18. On February 1, 2005, the USPTO issued the '647 Patent to Michael L. Gough and Paul Miner. VStream is now the sole owner of the '647 Patent and possesses all rights of recovery under the '647 Patent.

19. On February 10, 2009, the USPTO issued the '824 Patent to Michael L. Gough and Paul Miner. VStream is now the sole owner of the '824 Patent and possesses all rights of recovery under the '824 Patent.

9

**PLAINTIFF'S ORIGINAL COMPLAINT**

20.On December 1, 2009, the USPTO issued the '183 Patent to Michael L. Gough and Paul Miner.  VStream is now the sole owner of the '183 Patent and possesses all rights of recovery under the '183 Patent.

21.On May 15, 2012, the USPTO issued the '971 Patent to Michael L. Gough and James J. Gough.  VStream is now the sole owner of the '971 Patent and possesses all rights of recovery under the '971 Patent.

## FIRST CLAIM FOR RELIEF
### (Infringement of U.S. Patent 6,690,731)

22.VStream refers to and incorporates the allegations of Paragraphs 1-21 above.

23.LG has infringed and continues to infringe one or more claims of the '731 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '731 Patent.

24.Nokia has infringed and continues to infringe one or more claims of the '731 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '731 Patent.

25.Sony has infringed and continues to infringe one or more claims of the '731 Patent, either literally or through equivalents and either directly or through

10

**PLAINTIFF'S ORIGINAL COMPLAINT**

acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation digital cameras, digital video cameras, cellular smartphones, CMOS image sensors, and/or image processing integrated circuits that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '731 Patent.

26. Samsung has infringed and continues to infringe one or more claims of the '731 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones and tablets that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '731 Patent.

27. Pantech has infringed and continues to infringe one or more claims of the '731 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '731 Patent.

28. ZTE has infringed and continues to infringe one or more claims of the '731 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '731 Patent.

11

**PLAINTIFF'S ORIGINAL COMPLAINT**

29. VStream is entitled to recover from each Defendant the damages sustained by VStream as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

30. Upon information and belief, each of the Defendants has had notice of the Patents from at least the time of filing this lawsuit. Accordingly, their infringement has been willful and deliberate, entitling VStream to increased damages under 35 U.S.C. §284 and to attorneys' fees and costs under 35 U.S.C. §285.

31. Each Defendant's infringement of the '731 Patent is causing, and will continue to cause, irreparable harm to VStream for which there is no adequate remedy at law unless and until enjoined by this Court.

## SECOND CLAIM FOR RELIEF
### (Infringement of U.S. Patent 8,179,971)

32. VStream refers to and incorporates the allegations of Paragraphs 1-31 above.

33. LG has infringed and continues to infringe one or more claims of the '971 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '971 Patent.

34. Nokia has infringed and continues to infringe one or more claims of the '971 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of

12

**PLAINTIFF'S ORIGINAL COMPLAINT**

consumer electronics, including without limitation smartphones that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '971 Patent.

35.Sony has infringed and continues to infringe one or more claims of the '971 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation digital cameras, digital video cameras, cellular smartphones, CMOS image sensors, and/or image processing integrated circuits that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '971 Patent.

36.Samsung has infringed and continues to infringe one or more claims of the '971 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones and tablets that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '971 Patent.

37.Pantech has infringed and continues to infringe one or more claims of the '971 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '971 Patent.

38.ZTE has infringed and continues to infringe one or more claims of the '971 Patent, either literally or through equivalents and either directly or through

13

PLAINTIFF'S ORIGINAL COMPLAINT

acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '971 Patent.

39. VStream is entitled to recover from each Defendant the damages sustained by VStream as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

40. Upon information and belief, each of the Defendants has had notice of the Patents from at least the time of filing this lawsuit. Accordingly, their infringement has been willful and deliberate, entitling VStream to increased damages under 35 U.S.C. §284 and to attorneys' fees and costs under 35 U.S.C. §285.

41. Each Defendant's infringement of the '971 Patent is causing, and will continue to cause, irreparable harm to VStream for which there is no adequate remedy at law unless and until enjoined by this Court.

### THIRD CLAIM FOR RELIEF
#### (Infringement of U.S. Patent 6,850,647)

42. VStream refers to and incorporates the allegations of Paragraphs 1-41 above.

43. LG has infringed and continues to infringe one or more claims of the '647 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones that implement the

14

**PLAINTIFF'S ORIGINAL COMPLAINT**

systems, methods, apparatus, and/or articles of manufacture claimed in the '647 Patent.

44. Nokia has infringed and continues to infringe one or more claims of the '647 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '647 Patent.

45. Sony has infringed and continues to infringe one or more claims of the '647 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation digital cameras, digital video cameras, smartphones, televisions, Blu-ray players and/or image processing integrated circuits that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '647 Patent.

46. Samsung has infringed and continues to infringe one or more claims of the '647 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones, tablets, televisions, Blu-ray players, and/or image processing integrated circuits that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '647 Patent.

47. Pantech has infringed and continues to infringe one or more claims of the '647 Patent, either literally or through equivalents and either directly or through

15

acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '647 Patent.

48. ZTE has infringed and continues to infringe one or more claims of the '647 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '647 Patent.

49. VStream is entitled to recover from each Defendant the damages sustained by VStream as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

50. Upon information and belief, each of the Defendants has had notice of the Patents from at least the time of filing this lawsuit.   Accordingly, their infringement has been willful and deliberate, entitling VStream to increased damages under 35 U.S.C. §284 and to attorneys' fees and costs under 35 U.S.C. §285.

51. Each Defendant's infringement of the '647 Patent is causing, and will continue to cause, irreparable harm to VStream for which there is no adequate remedy at law unless and until enjoined by this Court.

## FOURTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent 7,627,183)

16

**PLAINTIFF'S ORIGINAL COMPLAINT**

52.VStream refers to and incorporates the allegations of Paragraphs 1-51 above.

53.LG has infringed and continues to infringe one or more claims of the '183 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '183 Patent.

54.Nokia has infringed and continues to infringe one or more claims of the '183 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '183 Patent.

55.Sony has infringed and continues to infringe one or more claims of the '183 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation digital cameras, digital video cameras, cellular smartphones, televisions, Blu-ray players, and/or image processing integrated circuits that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '183 Patent.

56.Samsung has infringed and continues to infringe one or more claims of the '183 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by

17

**PLAINTIFF'S ORIGINAL COMPLAINT**

manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones, tablets, televisions, Blu-ray players, and/or image processing integrated circuits that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '183 Patent.

57. Pantech has infringed and continues to infringe one or more claims of the '183 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '183 Patent.

58. ZTE has infringed and continues to infringe one or more claims of the '183 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '183 Patent.

59. VStream is entitled to recover from each Defendant the damages sustained by VStream as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

60. Upon information and belief, each of the Defendants has had notice of the Patents from at least the time of filing this lawsuit. Accordingly, their infringement has been willful and deliberate, entitling VStream to increased damages under 35 U.S.C. §284 and to attorneys' fees and costs under 35 U.S.C. §285.

18

**PLAINTIFF'S ORIGINAL COMPLAINT**

61.Each Defendant's infringement of the '183 Patent is causing, and will continue to cause, irreparable harm to VStream for which there is no adequate remedy at law unless and until enjoined by this Court.

## FIFTH CLAIM FOR RELIEF
### (Infringement of U.S. Patent 7,489,824)

62.VStream refers to and incorporates the allegations of Paragraphs 1-61 above.

63.LG has infringed and continues to infringe one or more claims of the '824 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '824 Patent.

64.Nokia has infringed and continues to infringe one or more claims of the '824 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '824 Patent.

65.Sony has infringed and continues to infringe one or more claims of the '824 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation digital cameras, digital video

19

**PLAINTIFF'S ORIGINAL COMPLAINT**

cameras, cellular smartphones, televisions, Blu-ray players and/or image processing integrated circuits that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '824 Patent.

66. Samsung has infringed and continues to infringe one or more claims of the '824 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones, tablets, televisions, Blu-ray players, and/or image processing integrated circuits that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '824 Patent.

67. Pantech has infringed and continues to infringe one or more claims of the '824 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '824 Patent.

68. ZTE has infringed and continues to infringe one or more claims of the '824 Patent, either literally or through equivalents and either directly or through acts of contributory infringement or inducement, in violation of 35 U.S.C. § 271 by manufacturing, using, selling, offering to sell, and/or marketing several types of consumer electronics, including without limitation smartphones that implement the systems, methods, apparatus, and/or articles of manufacture claimed in the '824 Patent.

**PLAINTIFF'S ORIGINAL COMPLAINT**

69. VStream is entitled to recover from each Defendant the damages sustained by VStream as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

70. Upon information and belief, each of the Defendants has had notice of the Patents from at least the time of filing this lawsuit.  Accordingly, their infringement has been willful and deliberate, entitling VStream to increased damages under 35 U.S.C. §284 and to attorneys' fees and costs under 35 U.S.C. §285.

71. Each Defendant's infringement of the '824 Patent is causing, and will continue to cause, irreparable harm to VStream for which there is no adequate remedy at law unless and until enjoined by this Court.

## JURY DEMAND

72. VStream demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff VStream Technologies LLC respectfully requests this Court to enter judgment in its favor against each Defendant and grant the following relief:

A. An adjudication that each Defendant has infringed and continues to infringe claims of the '731, '971, '647, '183, and '824 Patents;

B. An award of damages to VStream adequate to compensate for Defendants' acts of infringement together with prejudgment interest;

C. An award of enhanced damages to VStream, up to and including trebling if VStream's damages as permitted under 35 U.S.C. §284;

D. An award of VStream's costs of suit and reasonable attorneys' fees as permitted under 35 U.S.C. §285, or as otherwise permitted by law;

**PLAINTIFF'S ORIGINAL COMPLAINT**

E. A grant of permanent injunction in accordance with 35 U.S.C. §283, enjoining each Defendant from further acts of infringement; and

F. For any further relief that this Court deems just and proper.

| | |
|---|---|
| Dated: April 23, 2014 | Respectfully submitted,<br><br>**KYLE LUDWIG HARRIS LLP**<br><br>*/s/ John S. Kyle*<br><br>John S. Kyle<br>Lead Attorney<br>California State Bar No. 199196<br>jkyle@klhipbiz.com<br>450 B St., Suite 1410<br>San Diego, CA. 92101<br>Telephone: (619) 600-0644<br><br>**ATTORNEYS FOR VSTREAM TECHNOLOGIES LLC** |

22

**PLAINTIFF'S ORIGINAL COMPLAINT**